FILED

05/01/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 20, 2019

**STATE OF TENNESSEE v. DENERRA ROSE MCTAGGART**

**Appeal from the Circuit Court for Bedford County**
**Nos. 18725, 18737   Forest A. Durard, Jr., Judge**

_____

**No. M2018-00747-CCA-R3-CD**

_____

The Defendant, Denerra Rose McTaggart, pleaded guilty to initiation of a process to manufacture methamphetamine and failure to appear. The trial court sentenced the Defendant to serve ten years of incarceration for the initiation of a process to manufacture methamphetamine conviction, followed by two years of probation for the failure to appear conviction. On appeal, the Defendant contends that the trial court improperly denied alternative sentencing. After review, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Michael J. Collins, Shelbyville, Tennessee, for the appellant, Denerra Rose McTaggart.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Robert J. Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from products associated with the manufacture of methamphetamine found in the Defendant's shed. She subsequently failed to appear for court after her release from jail on bond. As a result, a Bedford County grand jury indicted the Defendant for initiation of a process to manufacture methamphetamine, a Class B felony, and failure to appear, a Class E felony.

At the guilty plea submission hearing, the State submitted that on February 15, 2016, Jayden Case, who had been staying with the Defendant, notified the Sheriff's

Department about her concern that there was illegal drug activity occurring in the shed on the Defendant's property. Inside the shed, law enforcement found items associated with the manufacture of methamphetamine: plastic bottles with residue, mason jars with fluid, a jug of muriatic acid, a Powerade bottle containing ammonia nitrate, another Powerade bottle with tubing, an empty "jug" of Coleman fuel, coffee filters, "an improvised funnel, empty containers of Wal-phed which contains pseudoephedrine, twelve lithium battery casings, rubber gloves, fiber mesh filter screens, small baggies with ammonia nitrate, loose pieces of tubing and a receipt for the purchase of pseudephedrine.

When speaking with law enforcement, Ms. Case admitted that she and the Defendant had "been cooking meth" in the shed. The Defendant also admitted to law enforcement that "she had done some meth cooks in the shed." After her arrest for this offense, the Defendant was released on bond and subsequently failed to appear for a General Sessions Court appearance. The Defendant agreed to the facts as submitted by the State and entered a plea of guilty to initiation of a process to manufacture methamphetamine and failure to appear.

At a subsequent sentencing hearing, the parties agreed that the Defendant should be sentenced as a Range I offender. At the State's request, the trial court admitted the presentence report. The State asked the trial court to note that the Defendant had two outstanding probation revocation charges. The presentence report is included in the record and reflects three Rutherford County misdemeanor theft of property convictions with offense dates of: October 2, 2015, March 10, 2015, and November 10, 2014. The October 2015 offense shows a disposition date of December 14, 2015 and that the Defendant received a supervised probation sentence. A probation violation was issued for the October 2015 conviction on March 8, 2016, which was still pending at the time of the sentencing hearing in this case. The March 2015 and November 2014 offenses show a June 15, 2015 disposition date and that the Defendant received supervised probation sentences for both convictions. The trial court revoked probation in both cases on December 14, 2015, and it extended the probation sentences.

The record also includes a September 18, 2015 Bedford County citation for the Defendant, charging her with possession of drug paraphernalia and notifying her of the court date in the matter. The record also contains two subsequent complaints for the Defendant's failure to appear in court on November 18, 2015, and February 10, 2016, related to the possession of drug paraphernalia charge.

The Defendant testified that she had prior convictions for theft that were related to her drug addiction. She explained that she stole items to "sustain [her] habit." The Defendant expressed regret about how her drug addiction had affected her past behavior. The Defendant agreed that she had two probation violations and explained that those

charges also related to her drug addiction and "not wanting to own up to [her] responsibilities." She once again acknowledged that her decision-making in those situations was "wrong."

The Defendant recalled that her drug use began when her mother died. The Defendant was fifteen years old at the time. She initially used opioids, alcohol, and marijuana to "drown" her problems. She said that her drug use turned into a "full blown addiction," and caused her to become a person she did not recognize. She described her current circumstances in jail as "a blessing in disguise" and as the impetus for change and growth in her life.

The Defendant testified that while in jail she had been studying her Bible and attending church. Additionally, she researched treatment options avaible to her upon release. Specifically, she contacted Doors of Hope in Murfreesboro. She confirmed that she had family support in the area should the trial court order a sentence involving release. The Defendant submitted a letter from a jail employee speaking to the Defendant's character, and the trial court entered the letter into evidence.

On cross-examination, the Defendant agreed that she was serving two separate Rutherford County probation sentences for theft at the time she was arrested for the current offenses. Her probation sentence had been revoked as to one set of charges in Rutherford County. The Defendant agreed that she was also charged in Bedford County with possession of drug paraphernalia and failure to appear on two occasions. The Defendant admitted that she was also serving the Bedford County probation sentences related to those convictions at the time she was arrested for the offenses at issue in this appeal. She further agreed that she had two pending probation revocation charges in Bedford County.

The parties agreed as to the applicability of enhancement factor (1), that the Defendant had a previous history of criminal convictions or behavior beyond those used to establish the Defendant's sentencing range, enhancement factor (8), that the Defendant failed to comply with the conditions of a sentence involving release into the community, and enhancement factor (13) that the Defendant was released on probation at the time she committed the instant offenses. T.C.A. § 40-35-114(1), (8), (13) (2014). The trial court considered the Defendant's personal situation related to the loss of her mother at a young age as a mitigating factor. The trial court imposed a ten-year sentence for the initiation of a process to manufacture methamphetamine conviction and a two-year sentence for the failure to appear conviction.

The trial court then considered alternative sentencing and noted that it had reviewed the presentence report and considered the Defendant's social history, criminal

history, and the facts surrounding the offense. The trial court noted the escalation of the types of offenses the Defendant committed from misdemeanor thefts to felony offenses in the current case. The trial court found the Defendant's potential for rehabilitation low and the risk for violation of an alternative sentence high due to her previous violations of sentences involving release into the community. The Defendant's past failed attempts at probation sentences and her recurring criminal behavior while serving probation sentences indicated to the trial court that the Defendant would not abide by the terms of a probation sentence. The trial court again relied on the presentence report in concluding that measures less restrictive than confinement had been frequently and recently applied with no success. The trial court expressed concern over the Defendant's young age and agreed with the Defendant's attorney that the Defendant was "at a crossroads."

In considering all these factors, the trial court ordered the Defendant to serve the ten-year sentence in confinement with the two-year sentence for the failure to appear conviction to be served consecutively, but on supervised probation rather than confinement. It is from these judgments that the Defendant appeals.

## II. Analysis

On appeal, the Defendant contends the trial court erred when it denied her an alternative sentence. The Defendant argues that alternative sentencing was warranted in this case because her criminal record does not evince "a clear disregard for the laws of society" and because she expressed a desire for rehabilitation; therefore, the trial court should have granted some form of alternative sentencing. The State responds that the record shows that the trial court considered the request for alternative sentencing and exercised its sound discretion in imposing confinement. We agree with the State.

The standard of review for questions related to probation or any other alternative sentence is "'an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act.'" *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (citing *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) (2014) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. T.C.A. § 40-35-303(a) (2014). A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he or she is a suitable candidate for probation. T.C.A. § 40-35-303(b) (2014); *State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. *Bingham*, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis considering "the nature of the offense and the totality of the circumstances . . . including a defendant's background." *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991) (quoting *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). In determining if incarceration is appropriate in a given case, a trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1) (2014). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. T.C.A. § 40-35-103.

The record supports the trial court's findings in this case. The trial court based its decision to deny an alternative sentence upon the Defendant's criminal record and the Defendant's unsuccessful past attempts at completing an alternative sentence. These factors are all well-supported by the evidence. The presentence report shows numerous convictions and charges against the Defendant related to her drug addiction. The Defendant has demonstrated a history of non-compliance with alternative sentences and was serving a probation sentence when she committed the present offense. While the

Defendant was eligible for probation because her sentence was ten years, she failed to carry her burden of proving suitability for probation. The Defendant has not established that the trial court abused its discretion when it denied her request for an alternative sentence. The Defendant is not entitled to relief.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude the trial court properly denied the Defendant an alternative sentence. As such, we affirm the trial court's judgments.


_____
ROBERT W. WEDEMEYER, JUDGE